■ In the Matter of County of Westchester, Appellant, v Theodore E. Wolcott, Respondent, et al., Defendants.—In a condemnation proceeding, the petitioner condemnor appeals, as limited by its brief, from so much of a final decree of the Supreme Court, Westchester County, entered March 29, 1974, after a nonjury trial, as awarded respondent Wolcott compensation in the amount of $276,397 for the taking. Decree modified, on the facts, by reducing the award of compensation to $135,000. As so modified, decree affirmed insofar as appealed from, without costs. The parcel at issue (a complete taking) consists of 30.641 acres, of which 12.696 abut the Hudson River and are underwater at high tide. As to the remaining 17.945 upland acres, the trial court found that not more than six or eight were sufficiently level for building purposes. Accordingly, it found that the highest and best use (HBU) of the property was for a country estate, as opposed to the contention of respondent that the HBU was for multifamily units or, in the alternative, that a portion of it could be used for one-family dwellings. The principal improvement on the property consisted of a large frame on brick dwelling erected about a century ago. It had 16 rooms, 5 baths and 8 fireplaces. It was functionally obsolescent. The other buildings on the premises were a fairly modern three-car garage and a dilapidated stable. The premises lack public water facilities and do not front on a town road. The only access to a public highway is by a narrow and winding road. The acres of level land are 150 feet above the river; the descent to the river is precipitous and unsafe. As stated in *Matter of County of Suffolk [Firester]* (44 AD2d 850, 851): "The rule in every condemnation proceeding is that the owner is entitled to receive the fair market value of the property taken from him based on the most advantageous use to which it can be put *(Hazard Lewis Farms v State of New York,* 1 AD2d 923, 924)." We agree with Special Term that the HBU is as a country estate. At the trial, respondent produced one comparable sale which was fully accepted by the court. However, the testimony adduced did not support the conclusion that the parcel under condemnation was worth almost twice as much as the "comparable". Indeed, the evidence points the other way. Based on the record before us as to values in the area, we conclude that the entire award, including the river view, should be $135,000, $110,000 of which is for the land and improvements, and the remainder for the superb view. In our judgment the magnificent panorama of the majestic Hudson, a view which bids fair to remain forever undisturbed, is a circumstance which considerably enhances the value of the premises. Because of this factual disposition, we have not considered the question of law raised in the appellant county's

brief. Rabin, Acting P. J., Latham, Cohalan, Brennan and Shapiro, JJ., concur.